```
              IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF PENNSYLVANIA

Donna Dougherty                            CIVIL ACTION
     Plaintiff
                                           NO. 05-CV-57
     vs.

Green Woods Charter School, and            AMENDED COMPLAINT and
Harold Kurtz, Annette Solarski,            JURY DEMAND
Elizabeth Bailey, Dana Lotkowski,
Emilie Nichols, Carol Spangenberg,
Steve Tilney and Glenn Vickers,
individually and in their official capacities
     Defendants
```

## COUNT I

### INTRODUCTION

1. Pursuant to 42 U.S.C. §1983, Plaintiff, Donna Dougherty, brings this action against Green Woods Charter School and against thethe individual defendants in their official and individual capacities to redress the deprivation under color of state law of herher first amendment right of freedom of expression about issues of public concern and to redress the deprivation of her property and libertyliberty without procedural due process as guaranteed by the fourteenthfourteenth amendment of thefourteenth amendment of the United Stat seeksseeks injunctive relief and damages against Green Woods Charter SchoolSchool for breach of her contracts, for violations School for PennsylvaniaPennsylvania SunshiPennsylvania Sunshine APennsylvania Sunshin Whistleblower law.

### JURISDICTION

2.2. Pursuant to 28 U.S.C. 1343(a)(3),2. Pursuant to 28 U.S.C. DistrictDistrict Court has jurisdiction over this civil rights action broughtbrought pursuant to 42 U.S.C. §1983 to redress the deprivation underunder color of state law, custom or usage, of rights secured by the

Constitution of the United States.

3.3.   Pursuant to 28 U.S.C. §1331, the United States District Court has jurisdiction over actions arising under the laws of the United States.

4.4.   Pursuant to 28 U.S.C. §1367, the United States District Court has supplemental jurisdiction over the state claims.

5.5.   Pursuant to5.  Pursuant to 28 U.S.C. §1391(b), venue lies5.  Pursu DistrictDistrict of Pennsylvania whereDistrict of Pennsylvania where the def events giving rise to the claim occurred.

PARTIES

6.6.   Plaintiff, Donna Dougherty, is an adult individual residing at 6 Lothian Place, Philadelphia, Pennsylvania 19128.

7.7.   Defendant, Green Woods Charter Sc7.  Defendant, Green Wood nonprofitnonprofit corporation established and operated under a charter from thethe School District of Philadelphiathe School District of Philadelphia CharterCharter School Law, 24 P.S. §17-1701-A et. seqCharter School Law, officesoffices and classrooms are located at 8480 Hagys Mill Road, Philadelphia, Pennsylvania 19128.

8.8.   Defendant, Harold Kurtz, is the acting Chief Exec8.  Defendant Officer of the Green Woods Charter School.  His office is located at 8480 Hagys Mill Road, Philadelphia, Pennsylvania 19128.

9.9.   Defe9.  Defendant,9.  Defendant, Annette Solarski, is a secretarysecretary ofsecretary of thesecretary of the Green Woods Charter Sch at 8480 Hagys Mill Road, Philadelphia, Pennsylvania 19128.

10.10.   Defendant, Elizabeth Bailey, is the president of the Board of Trustees of the Green Woods Charter School.  She resides at 471 Wigard Avenue, Philadelphia, Pennsylvania 19128.

11.11.  Defendant, Emilie Nicho11.  Defendant, Emilie Nichols, i11. TTrusteesTrustees of the Green Woods Charter School.  She resides atTruste Jannette Street, Philadelphia, Pennsylvania.

12.  Defendant, Dana Lotkowski,  is a member of the Board of Trustees of the Green Woods Charter School who voted to terminate Plaintiff.Plaintiff.  She  resides  atPlaintiff.  She  resides  at  75Plaint Pennsylvania 19128.

13.13.  Defendant, Carol Spangenberg,13.  Defendant, Carol Spangenberg, Trustees of the Green Woods Charter School who voted to terminate Plaintiff.Plaintiff.  She  resides  at  600  Palariet  Road,  Philadelphia, Pennsylvania 19128.

14.14.   Defendant, Steve Tilney, is a member of th14.   Defendant, S DirectorsDirectors of the Green Woods Charter School who voted to terminate Plaintiff.Plaintiff.  His office Plaintiff.  His office is lPlaintiff. Services Building, Philadelphia, Pennsylvania 19102.

15.15.   Defendant, Glenn Vickers, is15.   Defendant, Glenn Vickers, i DirectorsDirectors of the Green Woods Charter School who voted to terminate Plaintiff.Plaintiff.   He  resides  at  4Plaintiff.   He  resides  at  469 Pennsylvania 19128.

16.  Pursuant to The Charter School Law, 24 P.S. §17-1716-A, thethe Board of Trustees has authority to decide onthe Board of Trustees has a the operation of the school, subject to the school's charter.

17.17.   Pursua17.   Pursuant to the17.   Pursuant to the terms of a OctoberOctober 12, 2003, Green Woods CharterOctober 12, 2003, Green Woods Ch aa coordinator of instruction for the duration of the 2003-2004 schoolschool year, ending August 31, 2004 at an annual salary of $65,000.00.  A copy of the written contract is attached hereto as

Exhibit A.

18. Defendants, Elizabeth Bailey, Dana Lotkowski, and Annette Solarski, insisted that the founders/School would decide the length of the school year and the curriculum.

19. Plaintiff opposed several founders' wish to count school year by minutes so that school can be over in early June. Plaintiff raised concerns about compliance with statutory requirements for the length of the school year.

20. The Pennsylvania Charter School Law, 24 P.S. §17-1715-A(9) requires charter schools to provide at least 180 days or 900 hours of instruction per year.

21. The Charter School Law, 24 P.S. [...] charter schools to comply with 22 Pa. Code, Chapter 12.

22. Chapter 12 of 22 Pa. Code §12.32, requires [...] have a policy for maintenance, disclosure of student records consistent with the requirements of the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g.

23. FERPA prohibits, inter alia, the release of educational records or personally identifiable information contained therein without the written consent of parents of the student whose records or information is released, unless the release is made to individuals who have a legitimate educational interest as specified in the statute. 20 U.S.C. §1232g(b)(1).

24. FERPA requires each educational institution to maintain a record of individuals other than those specified in 20 U.S.C. §1232g(1)(A) which have requested or obtained [...]

educationeducation records.  The accesseducation records.  The access record interestinterest of each such person in obtaininginterest of each such perso the files.

25.25.  In August, 2003, Plaintiff made a presentation about commoncommon problems of governancecommon problems of governance in charter the Charter did not allow founders to govern the school.

26.  Beginning in the summer of 2003 through November, 2003, PlaintiffPlaintiff in good faith comPlaintiff in good faith com unrestrictedunrestricted access to confidential studentunrestricted access to inin the office area where they are privy to confidential student infinformainformationinformation and the disclosure of confidential inform specialspecial education students and about the medical condition of students.

27.27.   Plaintiff reported to the former principal, John DiLello,DiLello, the secretary's disclosure of prDiLello, the secretary student records.

28.28. 28.  In January, 2004, the Board of Trustees was trained about confidentialityconfidentiality responsibilities.   Green Woods Charter S curtailedcurtailed the access of individual members of the Board of Trustees to student records and to office areas.

29.29.  In February29.  In February 2004, Plaintiff criticized Defendan becausebecause Bailey removed her child from school for a period of approximatelyapproximately 30 days to protest preparation for standardized te requiredrequired by The Pennsylvania Charter Schoolrequired by The Pennsylva A(8).

30.30.    On or about April30.    On or about April 2, 2004   Plai concernsconcerns about Founconcerns about Founderconcerns about

confidentialityconfidentiality and interference with complianceconfidentiali

31.31.  In ret31.  In retaliati31.  In retaliation against Plaint concernsconcerns aboutconcerns about school governance, breaches ofconcerns compliancecompliance with the charter school lawcompliance with the Lotkowski,Lotkowski, and Solarski, discarded Plaintiff's personal belongings and prevented her from having an office.

32.32. 32.  In further retaliation against Plaintiff for32.  In further ofof violations of the statuteof violations of the statute andof violations o 2004,2004, Defendant, Lotkowski, accused Plaintiff of inappropriate assistance of her son during a test.

33.33.  In April,33.  In April, 2004, the Board33.  In April, 2004, th Charter School directed John DiLello, the former principal of the GreenGreen Woods Charter School,Green Woods Charter School, to investigate a thatthat Ms. Dougherty had assisted them in the process of taking standardized tests which had recently been administered.

34.34.  After the conclusion of the investigation, on May 7, 2004, the Board offered Plaintiff a contract as a teacher for the 2004-20052004-2005 school year at a salary of $55,000.  The written offer is attached hereto as Exhibit B.

35.35.  Plaintiff accepted the offer described35.  Plaintiff accepted th memorandum to resolve the controversy.

36.36.   Green Woods Charter School, did not implement any other pprovisionprovision of the agreement described on Exhibit B.  Defendanpro BaileyBailey and Bailey and LotkowBailey and Lotkowski, objected to sch PlaintiffPlaintiff toPlaintiff to present concerns, comments and questions t as provided in the May 7, 2004 memorandum.

37.  In July, 2004, Defendant, Nichols, accused Plaintiff of

assisting Nichols' son during a [test] during the Spring of 2004.

38. Ms. Dougherty did not provide any inappropriate assistance to students who were taking standardized tests.

39. On July 23, 2004, Harold Kurtz, interim chief executive officer of Green Woods Charter School, [sent Plaintiff a letter] informing her that two fifth grade [teachers had been accused of] providing inappropriate assistance during the administration of standardized tests in Spring, 2004.

40. On August 17, 2004, Harold Kurtz informed Plaintiff that she is suspended without pay, effective immediately, pending action by the Board of Trustees.

41. At meeting of the Board of Trustees on August, 25, 2004, Defendants, Lotkowski, S[passer, and others voted to] dismiss Plaintiff from employment. [Nichols abstained] from the vote.

42. Board members who supported the [Plaintiff's efforts] for greater control of operations and access to information in violation of s[tatute voted] against Plaintiff and voted to dismiss Plaintiff from employment.

43. On September 29, 2004, Kurtz sent Plaintiff a letter confirming that her employment with [Green Woods Charter School] was terminated effective September 24, 2004.

44. On September 24, 2004, Plaintiff filed a writ of summons in the Court of Common Pleas of Philadelphia County against Green Woods Charter School.

45. On December 8, 2004, Plaintiff filed a complaint in the

Court of Common Pleas of Philadelphia against Green Woods Charter School, Kurtz, Solarski, Bailey, Lotkowski, Nichols and Spangenberg.

46. On or about December 10, 2004, a complaint was filed with the Pennsylvania Department of failed to follow professional testing protocols.

47. Plaintiff's speech on matters of public concern was a substantial motivating factor for accusations of inappropriate conduct against Plaintiff and the termination of Plaintiff from employment.

WHEREFORE, Plaintiff prays this Court enter an Order directing Defendants to reinstate Plaintiff as coordinator of instruction and to award Plaintiff back pay, front pay, compensatory damages, attorney's fees, and such other relief as this Court deems appropriate. Plaintiff prays this Court award her punitive damages against Defendants, Kurtz, Solarski, Bailey, Lotkowski, Nichols and Spangenberg, Tilney and Vick in their individual capacity.

COUNT II

48. Plaintiff incorporates the averments of Count I as if specifically stated herein.

49. Defendants terminated Plaintiff from employment at a public meeting wherein Defendant, Kurtz, recommended the Board terminate Plaintiff. Defendants did not inform Plaintiff of the facts underlying his allegations of good reason for termination.

50. Defendants did not afford Plaintiff a post-suspension or a post-termination hearing.

51. Defendants deprived Plaintiff of her property her job and in her liberty interest without affording her due process of law.

WHEREFORE, Plaintiff prays this Court to enter an order directing Defendants to reinstate Plaintiff as coordinator of instruction and to award Plaintiff back pay, front pay, compensatory damages, attorney's fees, as this Court deems appropriate.  Plaintiff prays this Court award her punitive damages against Defendants, Kurtz, Solarski, Bailey, Lotkowski, Nichols and Spangenberg, Tilney and Vickers, in individual capacity.

## COUNT III

52. Plaintiff incorporates through 51 as if specifically stated herein.

53. Green Woods Charter contract with Plaintiff for the 2004-2005 school year.

54. Defendant, Green Woods Charter School, breached the agreement with Plaintiff to resolve the prior controversy, as outlined in the memorandum of May 7, 2004, attached as Exhibit B.

WHEREFORE, Plaintiff prays this Court to order Defendant, Green Woods Charter School, to reinstate her to her position as coordinator of instruction with back pay and her compensatory damages.

## COUNT IV - Sunshine Act

55. Plaintiff incorporates through 54 as if specifically stated herein.

56. The Charter School Law, 24 P.S. §17-1716-A, requires the

BoardBoard of TrusteesBoard of Trustees of the Green Woods CharterBoard of T the Sunshine Act.

57.57.  On August 1157.  On August 11, 257.  On August 11, 2004, terminate Plaintiff's employment.

58.  Defendants did not give public notice of the August 11, 2004 meeting as required by 65 Pa. C.S.A. §709(a).

59.59.  The Board held a second meeting on August 25, 2004, to consider Plaintiff's termination.

60.60.  Plaintiff submitted written re60.  Plaintiff submitted writte Trustees'Trustees' discussions and vote onTrustees' discussions and vote on in an open meeting.

61.61.  In violation of 65 Pa. C.S.A. §708(a)(1), the Board deliberateddeliberated adeliberated abdeliberated about Plaintiff's termi session on August 25, 2004.

62.62.  In violation of 65 Pa. C.S.A. §710.1(a), The Board limitedlimited comments by the public at the August 25 board meeting. WhenWhen attendeesWhen attendees demanded an explanation ofWhen attendees de the Board retreated into another closed executive session.

WHEREFORE,WHEREFORE, pursuant to 65 Pa.C.S.A. §713, Plaintiff prays this CourtCourt toCourt to declare the vote to suspend orCourt to declare the vot August 11 and at the August 25 board meetings void, to enjoin the Board'sBoard's decision to suspendBoard's decision to suspend PlainBoard's thethe Board's decision to terminate Plaintiff; pursuant to 65 Pa.C.S.A.Pa.C.S.A. §714.1, Plaintiff prays this Court to award her attorney'sattorney's fees and costs of litigation and such other relief as this Court deems appropriate.

COUNT V - Whistleblower Act violations

63. Plaintiff incorporates paragraphs 1 through 59 by reference as if specifically stated herein.

64. In violation of the Pennsylvania P.S. §1423, Defendants retaliated against Plaintiff in the conditions of employment and discharged her because of her good faith reports to the Principal and Board of violations of law pertaining to maintenance and disclosure of contents of student records and because of Plaintiff's insistence upon provisions of the Charter School Law.

WHEREFORE, Plaintiff prays directing Green Woods Charter School to reinstate employment as coordinator of instruction; and to award her back pay, front pay and all benefits, and fees incurred for litigation and such other relief as this Court deems appropriate.

```
                                    _____
                                    Doris J. Dabrowski  DJD2187
                                    Attorney for Plaintiff
                                    1500 Walnut St, Suite 900
                                    Philadelphia, Pa. 19102
                                    215-790-1115
```

JURY DEMAND

Plaintiff demands a trial by jury.

_____
Doris J. Dabrowski

CERTIFICATE OF SERVICE

DorisDoris J. Dabrowski certifies that on February 25, 2Doris J. Dabr served a copy of the first amended complaint upon counsel for defendants by first class mail, postage prepaid, addressed to:

Vicky P. Deshong
Edward Mintzer, Jr.
Rawle & Henderson
One S. Penn Square
Philadelphia, Pa. 19107

_____
Doris J. Dabrowski
1500 Walnut St., Suite 900
Philadelphia, Pa. 19102
215-790-1115
DJD 2187